David Karl Gross, ABA #9611065
Birch Horton Bittner & Cherot
510 L Street, #700
Anchorage, AK  99501
Telephone: 907.276.1550
Facsimile: 907.276.3680
Email: dgross@bhb.com

Oliver P. Maguire (*pro hac vice* motion forthcoming)
Evans & Dixon, LLC
Corporate Woods | Building 82
10851 Mastin Boulevard, #900
Overland Park, KS  66210
Telephone: 913-701-6810
Facsimile: 913-341-2293
Email: copyright@evans-dixon.com

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| **JOSEPH R. TOMELLERI,**<br><br>       **Plaintiff,**<br><br>v.<br><br>**SALTERY LAKE LODGE, LLC,**<br><br>       **Defendant.** | **CASE NO.:**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

COMES NOW Plaintiff Joseph R. Tomelleri ("Plaintiff") and for his complaint against Defendant Saltery Lake Lodge, LLC ("Defendant") alleges as follows:

### JURISDICTION AND VENUE

1. This claim is brought pursuant to 17 U.S.C. § 101, *et seq.*, for copyright infringement.

TOMELLERI V. SALTERY LAKE LODGE, LLC
COMPLAINT
01042966.DOCX

CASE NO. _____(___)
Page 1 of 6

Case 3:20-cv-00314-JWS   Document 1   Filed 12/28/20   Page 1 of 6

2. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b), because this action arises under the copyright laws of the United States. (17 U.S.C. § 101 et seq.)

3. This Court has personal jurisdiction over Defendant because Defendant is organized in the State of Alaska and has its principal place of business in the State of Alaska.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) because Defendant resides in this judicial district.

## PARTIES

5. Plaintiff is an individual, residing in the State of Kansas.

6. Defendant is a limited liability company organized in the State of Alaska with its principal place of business in Fairbanks, Alaska.

## PLAINTIFF'S BACKGROUND AND WORKS

7. Plaintiff is an artist and a trained biologist who has spent most of his working life collecting, studying, and illustrating North American fish species.

8. Over a thirty plus (30+) year career, Plaintiff has created over one thousand (1,000) hand drawn illustrations of fish in various life cycles. The illustrations include over nine hundred (900) unique species.

9. Plaintiff's illustrations are used by scientists all over the world, and he is recognized as one of the world's preeminent fresh water fish illustrators.

10. For each illustration, Plaintiff puts in many hours observing, researching, and collecting fish species in the field to prepare for drawing the illustration. Then, drawing the illustration takes Plaintiff many more hours.

11. Plaintiff's illustrations have been published in many scientific studies, journals, books, magazines, and fish identification guides. Ichthyologists often use Plaintiff's illustrations to help better

TOMELLERI V. SALTERY LAKE LODGE, LLC
COMPLAINT
01042966.DOCX

CASE NO. _____(___)
Page 2 of 6

Case 3:20-cv-00314-JWS   Document 1   Filed 12/28/20   Page 2 of 6

understand fish and their changing ecosystems. They value Plaintiff's hand-drawn work over photographs because of Plaintiff's technique in depicting color patterns, fin arrangements and other significant diagnostic characteristics of a particular fish species in a particular life cycle.

12. Plaintiff's illustrations are identifiable by a standard "left-lateral" view, using Prismacolor as the primary medium.

13. Plaintiff uses information gained from observing the species in addition to his own skill and judgment to create illustrations which capture the significant diagnostic characteristics of the species.

14. Plaintiff is the owner of the website www.americanfishes.com ("Plaintiff's Website") where prints of his illustrations are available for purchase. Plaintiff's Website contains digital reproductions of Plaintiff's illustrations available for sale. Each image prominently displays one or more copyright notices as in the below example.



*Example of one of Plaintiff's illustration on Plaintiff's Website*

15. Plaintiff is the sole owner and proprietor of all rights, titles, and interest in, and to, the copyrights for illustrations for a number and variety of fish that are at issue in this case (the "Works").

16. Plaintiff is and always has been the exclusive owner of the Works.

17. Each of the Works is covered by a copyright registration owned by Plaintiff.

18. The following table individually lists each of the Works at issue and the corresponding registration information.

| No. | Illustration | Reg. # | Reg. Date |
|---|---|---|---|
| 1 | Rainbow Trout | VA 1 163 619 | 11/05/2002 |
| 2 | Sockeye Salmon | VA 1 163 619 | 11/05/2002 |
| 3 | Coho Salmon | VA 1 163 619 | 11/05/2002 |
| 4 | Dolly Varden | VA 1 163 619 | 11/05/2002 |

19. Plaintiff's website displays the following copyright management information at the bottom of every page: "©2016 Joseph R. Tomelleri."

## DEFENDANT'S CONDUCT

20. Defendant owns and operates a lodge, sells and rents fishing equipment, and offers guided fishing packages.

21. In order to advertise and promote its business, Defendant owns and operates the website with the URL address www.salterylakelodge.com/ ("the Website").

22. Upon information and belief, the Website is distributed nationwide and viewable by any individual with internet access.

23. The Website is used by Defendant for commercial purposes, including advertising and promoting its business, listing its service packages and pricing, and allowing potential customers to contact Defendant to reserve rooms and service packages.

24. Plaintiff discovered that Defendant, without authorization, reproduced and displayed at least four (4) of his illustrations on the Website – to wit, the Works.

25. Upon information and belief, Defendant modified the Works, creating derivative works from the Works.

26. The Works were used by Defendant to advertise and promote its business and services.

TOMELLERI V. SALTERY LAKE LODGE, LLC
COMPLAINT
01042966.DOCX

CASE NO. _____(___)
Page 4 of 6

Case 3:20-cv-00314-JWS   Document 1   Filed 12/28/20   Page 4 of 6

27. Upon information and belief, Defendant drove traffic to its Website and generated interest in its services as a result of its infringing use of the Works.

28. Upon information and belief, Defendant derived revenue as a result of its infringing use of the Works.

## COUNT I - COPYRIGHT INFRINGEMENT
## (17 U.S.C. § 501)

29. Plaintiff restates the allegations contained in the preceding paragraphs 1 through 29 as if fully set forth herein.

30. Plaintiff has valid copyrights and copyright registrations for each of the Works.

31. Defendant has infringed Plaintiff's copyrights in his Works by preparing derivative works based upon the Works and by reproducing and publicly displaying unauthorized copies of the Works within the United States of America in violation of 17 U.S.C. § 101, *et seq.*

32. To the extent that Defendant does not acknowledge copying the Works, Defendant had access to the Works and the images used by Defendant are substantially similar to the Works.

33. In fact, the images used by Defendant are strikingly similar to the Works.

34. As a result of Defendant's above-described acts of copyright infringement, Plaintiff has sustained damages, including lost licensing revenue in an amount not yet ascertained and profits that should be disgorged to Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, for the reasons stated above, Plaintiff prays for judgment against Defendant as follows:

1. Under 17 U.S.C. § 502, grant temporary and final injunctions on such terms as it deems reasonable to prevent or restrain infringement of Plaintiff's copyright;

TOMELLERI V. SALTERY LAKE LODGE, LLC
COMPLAINT
01042966.DOCX

CASE NO. _____(___)
Page 5 of 6

Case 3:20-cv-00314-JWS   Document 1   Filed 12/28/20   Page 5 of 6

2. Under 17 U.S.C. § 503, order the impounding and ultimate destruction, on such terms as it may deem reasonable, of any records or material involved in Defendant's copyright infringement;

3. Under 17 U.S.C. § 504, award Plaintiff's actual damages and any additional profits of Defendant, or, if Plaintiff so elects before judgment is entered, award statutory damages up to $150,000 per work infringed;

4. Under 17 U.S.C. § 505, award costs to Plaintiff;

5. Under 17 U.S.C. § 505, award Plaintiff's reasonable attorneys' fees;

6. Award Plaintiff all available pre-judgment and post-judgment interest on all amounts of any judgment; and

7. Grant to Plaintiff such further relief as may be equitable and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

DATED this 24th day of December, 2020.

        BIRCH HORTON BITTNER & CHEROT
        Attorneys for Plaintiff

        By:    /s/ David Karl Gross
                David Karl Gross, ABA #9611065

        EVANS & DIXON, LLC
        Attorneys for Plaintiff

        By:    /s/ Oliver Maguire
                Oliver P. Maguire
                *Pro Hac Vice Forthcoming*

TOMELLERI V. SALTERY LAKE LODGE, LLC
COMPLAINT
01042966.DOCX
CASE NO. _____(___)
Page 6 of 6

Case 3:20-cv-00314-JWS   Document 1   Filed 12/28/20   Page 6 of 6